UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NANCY NEWBURY, et al., :
    Plaintiffs, :
 :
v. : C.A. No. 24-84WES
 :
U.S. DEPARTMENT OF HOUSING AND :
URBAN DEVELOPMENT (HUD), et al., :
    Defendants. :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On February 29, 2024, *Pro se* Plaintiffs Nancy Newbury and Mark Hastings filed two lawsuits,[1] captioned as below,[2] alleging that they are elderly residents of a housing development in Middletown, Rhode Island, known as West House I. West House I is owned by Church Community Housing Corporation, Inc. ("CCHC") and is classified as subsidized "Section 202" property for elderly aged 62 and above by the United States Department of Housing and Urban Development ("HUD"). As Defendants in this case, Plaintiffs have named HUD, and two individuals associated with HUD sued only in their official capacity: Peter Aser, alleged to be based in the Providence, Rhode Island, office of HUD, and William Morales, alleged to be based in the Boston, Massachusetts, office of HUD. As Defendants in 24-cv-85, Plaintiffs have named CCHC, alleged to be a Rhode Island corporation based in Newport, Rhode Island; its Executive Director, Christian Belden, alleged to be a Rhode Island resident; John Byrne, the senior housing manager of Phoenix Property Management alleged to be a Rhode Island resident; and Mr. Aser

---

[1] In the other case, they are joined by a third *pro se* Plaintiff, Marcia Ducharme.

[2] This case is <u>Nancy Newbury and Mark Hastings v. U.S. Department of Housing and Urban Development (HUD), et al.</u>, C.A. No. 24-00084-WES-PAS ("24-cv-84"). The other case is <u>Nancy Newbury, Mark Hastings, and Marcia Ducharme v. Church Community Housing Corp, Inc., et al.</u>, C.A. No. 24-00085-WES-PAS ("24-cv-85").

and Mr. Morales, the HUD officials based in Providence, Rhode Island, and Boston, Massachusetts, respectively.

## I. Background

According to both pleadings, HUD has approved a Plan presented by CCHC to build a second elderly housing unit adjacent to West House I, called West House II. ECF No. 1 at 7; 24-cv-85 (ECF No. 1 at 8). However, unlike West House I, the new units are for persons who are 55 and older, may be disabled and may have children; pursuant to the Plan, the new tenants in West House II will be given keys to access the common rooms in West House I. ECF No. 1 at 7. Plaintiffs believe that these tenants may be drug addicted, inclined to criminal conduct and obstreperous and that the Plan creates a threat to the safety and wellbeing of the elderly persons who now reside in West House I, depriving them of the peaceful enjoyment of their homes and their ability to age in place with dignity. Id. In this case, Plaintiffs allege that this Plan amounts to a housing policy that is required by federal law to be approved through the Administrative Procedures Act ("APA"), which was not done. ECF No. 3 at 11-13. Plaintiffs rely on this alleged APA violation in suing to enjoin HUD from permitting the construction of West House II to proceed, although they concede that the complained-of injury will not occur until West House II is completed and rented to tenants who are given keys to the West House I common rooms. Id. at 5-7. In the other case, 24-cv-85, Plaintiffs rely on state law, alleging that, during the course of the approval process for the Plan, Defendants named in 24-cv-85 injured Plaintiffs' reputations by committing the state law tort of malicious defamation through the publication of lies and the making of false light accusations. 24-cv-85 (ECF No. 1 at 8).

## II. IFP Applications

Accompanying the complaint in this case, 24-cv-84, Plaintiffs have filed motions for leave to proceed *in forma pauperis* ("IFP") (that is, at public expense), each of which has been referred to me. ECF Nos. 2, 2-1. Based on my review of the IFP motions, I find that one of Plaintiffs (Ms. Newbury) has satisfied the requirements of 28 U.S.C. § 1915(a)(1); McDonald v. Colvin, No. C.A. 15-326 ML, 2015 WL 5507093, at *1 (D.R.I. Sept. 16, 2015) ("persons otherwise unable to access the courts [may] proceed without paying such costs as the filing fee and service,[3] which instead are defrayed at public expense"). As to her, the IFP motion is granted. However, mindful of my duty to "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill," id. (quoting Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I.1984)), and having carefully reviewed the application of the other Plaintiff, Mr. Hastings, I am unable to find that his IFP application as presented establishes that he cannot pay the costs of this proceeding. Rather, I find that Mr. Hastings' application supports the finding that he has unencumbered funds that are more than sufficient to pay the filing fee and for service of the complaint. And with one plaintiff who, as of now, does not qualify for IFP status, this case is governed by the well-settled principle that "although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." Armstrong v. Jewell, C.A. No. 15-215ML, 2015 WL 13657659, at *2 (D.R.I. May 22, 2015) (emphasis supplied).

Based on the foregoing and because Mr. Hastings is *pro se* and may not have fully disclosed the financial circumstances that cause him to believe that he is unable to pay the filing fee or for service, I am not yet recommending denial of his application as presented. Instead, I

---

[3] The filing fee applicable to this case is $405. The cost of service varies depending on the method chosen by the litigant. See Fed. R. Civ. P. 4(i); U.S. Dep't of Housing and Urban Dev., Service of Process on HUD, https://www.hud.gov/program_offices/general_counsel/service_of_process.

am affording him thirty days within which he may supplement his IFP application with additional information if he believes that he is truly indigent and eligible to pursue this case at public expense. If he makes such a filing, I will consider the new information and either grant his IFP motion or recommend that it be denied. Alternatively, within the same thirty-day period, he may pay the filing fee. If Mr. Hastings fails to establish that he is indigent, fails to pay the filing fee, and remains as a party Plaintiff in this case, I will recommend that this case be dismissed. Logan v. Antaya, C.A. No. 23-00293-WES, 2023 WL 4951778, at *1 (D.R.I. Aug. 3, 2023) (if one plaintiff is not indigent, the case cannot proceed without the filing fee being paid by that plaintiff), adopted by Text Order (D.R.I. Nov. 27, 2023).

### III.  Screening

In light of the IFP applications, the Court is directed to preliminarily screen Plaintiffs' pleading pursuant to 28 U.S.C. § 1915(e)(2)(B). To survive screening, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Avelin v. South Kingstown Police Dep't, C.A. No. 22-00295-WES, 2022 WL 3646613, at *1 (D.R.I. Aug. 24, 2022) (standard for dismissal of an action taken IFP is identical to the standard for dismissal under Fed. R. Civ. P. 12(b)(6)), adopted by Text Order (D.R.I. Sept. 14, 2022), appeal dismissed, No. 22-1932 (1st Cir. Jan. 19, 2023). If a complaint fails to state a plausible claim or is frivolous or malicious it must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). At screening, the Court must take all the allegations in these complaints as true and draw all reasonable inferences in Plaintiffs' favor. See Smith v. Roger Williams Univ. L. Sch., Case No. 21-cv-133-PJB-AKJ, 2022 WL 2387632, at *1 (D.R.I. Feb. 16, 2022). Further, when (as here) the filers are acting *pro se,* the Court must

liberally and leniently review and interpret all allegations.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

While the complaint in 24-cv-84 is somewhat vague and conclusory, I find that it has enough substance to survive the low bar required for screening.[4]  Accordingly, if Mr. Hastings either is found to be IFP eligible or ceases to be a party Plaintiff (leaving Ms. Newbury as the only Plaintiff), I will direct that the Clerk proceed to procure appropriate summonses and, upon completion of the summonses, deliver them to the United States Marshals Service for service on Defendants.  And because of the exigency alleged in the pending motion for preliminary injunction, which has been referred to me, I would further order that the Clerk shall include in the package for service provided to the Marshals not only a copy of the complaint and summons, but also a copy of Plaintiffs' motion for preliminary injunction (ECF No. 3) and a copy of this Memorandum and Order.  I would further order that each Defendant shall file a response to the pending motion for preliminary injunction within fourteen days of being served, provided that the response may seek an extension of this deadline.  Upon receipt of such response, the Court will conduct further proceedings regarding the motion for preliminary injunction.

If Mr. Hastings is not indigent but timely pays the filing fee, the case will proceed to service as arranged and paid for by him.  See n.4 *supra*.  That is, it will not be served by the Marshals at public expense.  In that event, Plaintiffs may serve each Defendant with a copy of their motion for preliminary injunction and a copy of this Memorandum and Order, along with the summons and a service copy of the complaint.  If they do and as to any Defendant served with a copy of the preliminary injunction and this Memorandum and Order, I hereby order that

---

[4] In a separate report and recommendation issuing today in 24-cv-85, I have found that Plaintiffs' other case must be summarily dismissed due to the lack of federal subject matter jurisdiction in that the claims are entirely based on state law and there is no diversity of citizenship.

5

such Defendant shall file a response to the pending motion for preliminary injunction <u>within fourteen days of being served</u>, provided that the response may seek an extension of this deadline. Upon receipt of such response, the Court will conduct further proceedings regarding the motion for preliminary injunction.

### IV. Conclusion

The IFP motion of Plaintiff Nancy Newbury is hereby GRANTED. However, the IFP motion of Plaintiff Mark Hastings is neither granted nor denied. Therefore, as of now, the Clerk shall not classify this case as one that may proceed IFP. Rather, within thirty days of the issuance of this Memorandum and Order, Plaintiff Mark Hastings is hereby ORDERED either to file a supplement to his IFP application that supports that he is indigent and eligible to proceed at public expense or to pay the filing fee. If he fails to do either, I will recommend that this case be dismissed. In the event that Mr. Hastings pays the filing fee and Plaintiffs serve any or all of Defendants not just with the summons and complaint, but also with a copy of the motion for preliminary injunction (ECF No. 3) and of this Memorandum and Order, any Defendant so served is hereby ORDERED **to file a response to the pending motion for preliminary injunction <u>within fourteen days of being served with a copy of the motion for preliminary injunction (ECF No. 3) and of this Memorandum and Order</u>**, provided that the response may seek an extension of this deadline.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 12, 2024