```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
NANCY NEWBURY, et al.,             )
                                   )
         Plaintiffs,               )
                                   )
    v.                             )   C.A. No. 24-084 WES
                                   )
UNITED STATES DEPARTMENT OF        )
HOUSING AND URBAN DEVELOPMENT,     )
et al.,                            )
                                   )
         Defendants.               )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Officials from the United States Department of Housing and Urban Development[1] ("HUD") approved a plan (the "Plan") to develop a state-subsidized rental housing project. Under the Plan, the developers would build a new apartment building as an addition to an older, federally subsidized, rental housing building. The Plan would grant easements to future staff and residents of the new building to use the older building's common areas, points of entry and exit, and parking lot. Three tenants of the older building (the "Tenants") object to this arrangement: they claim that the likely future tenants of the new building will potentially disrupt

---

[1] Under Fed. R. Civ. P. 25(d), the Court substitutes Acting HUD Secretary Adrianne Todman for former HUD Secretary, Marcia Fudge.

their quiet enjoyment of their homes by causing safety and security concerns, overwhelming the common areas, and reducing available parking spaces. So they sued HUD, HUD officials (collectively, "HUD Defendants"), and members of their building's management ("Management Defendants"), alleging violations of their rights under the National Housing Act, as amended ("NHA"), 12 U.S.C. §§ 1701-1750jj, and other provisions of federal and state law.

In turn, the Tenants filed a Motion for a Preliminary Injunction, ECF No. 3; HUD Defendants filed a Motion to Dismiss, ECF No. 13; and the Tenants filed a Motion for Partial Summary Judgment, ECF No. 20. The Court referred these motions to Magistrate Judge Patricia A. Sullivan, who conducted an evidentiary hearing and issued a Report and Recommendation ("R&R"), ECF No. 49, denying the Tenants any relief. The Tenants timely objected. Tenants' Objs. Mag. J.'s R&R ("Tenants' Obj."), ECF No. 51; see also Tenants' Reply Mgmt. Defs.' Resps. Tenants' Objs. ("Tenants' Reply"), ECF No. 55.

The Court has carefully reviewed Magistrate Judge Sullivan's R&R, Tenants' Objections, Tenants' Reply, and all underlying pleadings and motions. After its review, the Court accepts Magistrate Judge Sullivan's thorough R&R, which it now adopts in part and modifies in part. For the reasons explained below, the Court GRANTS HUD Defendants' Motion to Dismiss and DENIES Plaintiffs' Motions as moot.

## I. BACKGROUND

As Magistrate Judge Sullivan observed, "[a]t its crux, this case challenges an administrative action by" HUD. R&R 1. The Court adopts the R&R's detailed proposed findings of fact recounting the history of this dispute and provides only a summary of the relevant facts necessary to rule on the Tenants' Objections.

The NHA regulates the federal government's housing programs and activities. 12 U.S.C. §§ 1701-1750g. One such program, known as "Section 202," provides subsidized housing for eligible elderly persons. Id. § 1701q. For tenants living in housing projects administered under this program, the Act recognizes "the importance and benefits of cooperation and participation of tenants in creating a suitable living environment in multifamily housing projects and in contributing to the successful operation of such projects." Id. § 1715z-1b(a). To operationalize that purpose, the law enumerates certain rights of tenants. Id. § 1715z-1b(b).

Relevant to this dispute, § 1715z-1b(b) of the NHA grants tenants a legal right to "adequate notice of, reasonable access to relevant information about, and an opportunity to comment on" a landlord's request to HUD for a partial release of security. HUD is directed to take these comments into consideration. Id. This

statutory right is at the center of this suit.

Tenants allege that HUD violated their rights under § 1715z-1b(b).  R&R 3-4; Tenants' Obj. 20-22; Tenants' Reply 15-19, 21.  They claim that, although the Plan advanced by Management Defendants included a request to HUD for a partial release of security, HUD did not give them adequate notice of, reasonable access to relevant information about, and an opportunity to comment on the request.  R&R 3-4; Tenants' Obj. 20-22; Tenants' Reply 15-19, 21.  Tenants take no issue with the Plan generally but argue that the procedural violation deprived them of the right to object to the easements contained in the Plan.  R&R 3-4; see generally Tenants' Obj.; Tenants' Reply.  They now seek to enjoin the part of the Plan related to the easements.  Tenants' Reply 21.

Because the NHA does not provide a private cause of action to enforce their statutory right, Tenants bring this suit under 5 U.S.C. § 702.  See R&R 19 ("[I]t is clear that [the NHA] and the related regulations do not create a private right of action for subsidized housing tenants to proceed against HUD.").  Section 702 provides a cause of action to any "person suffering [a] legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." Reviewing courts are directed to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of

4

procedure required by law." 5 U.S.C. § 706(2).

Magistrate Judge Sullivan recommends that Tenants have standing to sue on this procedural violation claim and have met their pleading requirement under Fed. R. Civ. P. 12(b)(6). R&R 27-28, 35. She therefore recommends that HUD Defendants' Motion to Dismiss should be denied. Id. Turning to the merits, she recommends that the Court deny Tenants' Motion for a Preliminary Injunction, consolidate that Motion with a trial on the merits under Fed. R. Civ. P. 65(a)(2), and enter judgment against Tenants. R&R 28, 35.

Tenants have specifically objected to the R&R's recommended (1) disposition of their procedural violation claim, (2) disposition of their related defamation and false light claims, and (3) denial of their Motion for a Preliminary Injunction. Tenants' Reply 21. As part of their objections to the R&R, Tenants also allege impartiality, bias, and unfairness by Magistrate Judge Sullivan. See generally Tenants' Obj.; Tenants' Reply. And although Tenants initially brought numerous other claims against HUD Defendants and Management Defendants, they did not object to the R&R's disposition of those claims — and even explicitly abandoned them.[2] Tenants Reply 21 ("Plaintiffs allege that all

---

[2] A complete recitation of Tenants' claims and Magistrate Judge Sullivan's recommended disposition of them can be found at R&R 35-36.

5

[other] claims or questions . . . should fall by the wayside," which "leav[es] only two pertinent matters or questions properly before the Court: 1) Were plaintiffs substantially denied their mandated rights to full participation," and "2) Did [Management Defendants] defame the plaintiffs and place them in false light . . . and did [HUD Defendants] republish the defamation and false light?").

## II. LEGAL STANDARD

After reviewing the R&R and objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72.

The Court does not review anything outside of that which the Tenants specifically objected to. See United States v. Maldonado-Peña, 4 F.4th 1, 20-21 (1st Cir. 2021) ("Our procedural rules and case law are crystal clear that when, as here, a party fails to file an objection to an R&R, the party has waived any review of the district court's decision."); Cortés-Rivera v. Dep't of Corr. & Rehab., 626 F.3d 21, 27 (1st Cir. 2010) ("Given adequate notice, 'a party's failure to assert a specific objection to a[n] [R&R] irretrievably waives any right to review by the district court and the court of appeals.'" (quoting Santiago v. Canon U.S.A., Inc.,

6

138 F.3d 1, 4 (1st Cir. 2018)).

## III. ANALYSIS

### A. Objection #1: Tenants' Procedural Violation Claim

For the reasons discussed below, the Court finds that Tenants have not shown that they have experienced or will experience a concrete harm that is actual or imminent, and therefore do not have standing to sue on their claim brought under 5 U.S.C. § 702. The R&R is modified accordingly, and the objections are overruled. When it comes to standing, the Supreme Court has been incredibly clear: (1) "No concrete harm, no standing." TransUnion LLC v. Ramirez, 594 U.S. 413, 417 (2021), and (2) "allegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (brackets omitted) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)). And because Tenants have not shown a concrete harm that is actual or imminent, "[t]his case begins and ends with standing." Dep't of Educ. v. Brown, 600 U.S. 551, 560 (2023) (quoting Carney v. Adams, 592 U.S. 53, 58 (2020)).

#### 1. Standing Doctrine

The requirement that a plaintiff have standing to sue arises from the Constitution, which extends the judicial power of federal courts to "Cases" or "Controversies." Id. (citing U.S. Const. art III, § 2). Courts must assess a plaintiff's standing prior to addressing the merits of the dispute. Id. And if a plaintiff does not have standing, then "a dispute is not a proper case or

7

controversy, [and] the courts have no business deciding it, or expounding the law in the course of doing so." Murthy v. Missouri, 144 S. Ct. 1972, 1985 (2024) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006)).

To prove standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." TransUnion, 594 U.S. at 431 (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

Further, a plaintiff must show each element of standing "with the manner and degree of evidence required at the successive stages of the litigation." Id. (quoting Lujan, 504 U.S. at 561). Because this case is at the pleading stage,[3] "the plaintiff[s] must 'clearly . . . allege facts demonstrating' each element." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975). Finally, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek."

---

[3] Although Tenants have also filed a Motion for Partial Summary Judgment, ECF No. 20, the procedural posture of this dispute remains at the pleadings stage because the parties have not yet taken discovery.

8

TransUnion, 594 U.S. at 431.

### 2. Tenants' Claim

Tenants argue that they have standing because HUD did not comply with statutory procedure and because the easements included in the Plan will likely cause them to suffer increased safety and security issues and reduced access to parking spaces. Tenants' Reply 11-13. Magistrate Judge Sullivan recommends that they have standing based on the deprivation of Tenants' procedural rights. R&R 27. To support that recommendation, she cites DeSuze v. Carson, 442 F. Supp. 3d 528, 540-41 (E.D.N.Y. 2020) (finding that tenants have standing to bring similar claim based on denial of procedural right under 12 U.S.C. § 1715z-1b(b)), aff'd sub nom. DeCruze v. Ammon, 990 F.3d 264 (2d Cir. 2021).

The Court disagrees. True, in disputes like this, where "a statute affords a litigant 'a procedural right to protect his concrete interests,' the litigant may establish Article III jurisdiction without meeting the usual 'standards for redressability and immediacy.'" Brown, 600 U.S. at 561 (quoting Lujan, 504 U.S. at 572 n.7). Despite the lower bar for redressability and immediacy in a "procedural-rights context," id. at 562, "[o]nly those plaintiffs who have been concretely harmed by a defendant's [procedural] violation may sue that private defendant over that violation in federal court." TransUnion, 594 U.S. at 427. Put differently, "Article III standing requires a

9

concrete injury even in the context of a statutory violation." Id. at 426 (quoting Spokeo, 578 U.S. at 341).

Tenants have alleged that HUD violated their procedural rights but have not alleged a "concrete" injury that is "actual" or "imminent." "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." TransUnion, 594 U.S. at 417 (quoting Spokeo, 578 U.S. at 340-41). "In determining whether a harm is sufficiently concrete to qualify as an injury in fact, the Supreme Court in Spokeo said that Congress's views may be 'instructive.'" Id. at 425 (quoting Spokeo, 578 U.S at 341). But "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." Id. at 426.

Tenants assert that at some point in the future, the likely tenants of the new housing project will cause a breach to the quiet enjoyment of their homes by means of unspecified disruptive and threatening behavior and parking issues. R&R 5; Tenants' Reply 11-12, 19-20. The statute Tenants cite to is clearly designed to guard against injuries to tenants' quiet enjoyment of their homes. 12 U.S.C. § 1701q. And harms of this general nature have long been recognized in American courts. See 49 Am. Jur. 2d Landlord

10

and Tenant §§ 477-545, 760 (2024); see also, 58 Am. Jur. 2d Nuisances §§ 1-371 (2024).  If the Tenants' feared future harm had already come to pass, then perhaps they would be able to bring suit for having a "concrete" harm that is "actual."  But see Brown, 600 U.S. at 564-67 (holding that Respondent-Plaintiffs lacked standing to sue for alleged injury resulting from an agency's procedural violation due to lack of causation).

But as an anticipated future injury, the Tenants' fears of this harm are simply too speculative to be "concrete" and "imminent."  See FDA v. All. for Hippocratic Med., 602 U.S. 367, 386-93 (2024) (finding that claims of future injury are insufficient where plaintiffs cannot show that the harm is likely to occur); Roman Cath. Bishop of Springfield v. City of Springfield, 723 F.3d 78, 90 (1st Cir. 2013) ("Generally, a mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." (quoting Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 9 (1st Cir. 2012))).  To be sure, "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial."  TransUnion, 594 U.S. at 435.  That risk of future "injury must be certainly impending to constitute injury in fact" and "[a]llegations of possible future injury are not sufficient."  Clapper, 568 U.S. at

11

409 (internal quotation marks and citations omitted).

Tenants allege an array of fears of harm at an unknown future date, from unknown future persons who they speculate will have violent and disruptive character traits and diminished intellectual capacity. See R&R 5; Tenants' Reply 12-13, 19-20. It appears that these fears are based solely on the fact that the future tenants will be recipients of subsidized housing. Without any additional evidence, these future injuries are not certainly impending or concrete, and they arguably reflect some unfortunate stereotyping.

Nothing in DeSuze, 442 F. Supp. 3d 528, compels a different result. The plaintiffs there had actually suffered a concrete harm and did not allege an abstract and hypothetical future harm. DeSuze, 442 F. Supp. at 536 ("Plaintiffs allege that, as a result of the [unlawful rent increases], Plaintiffs have seen their rent increase by an average of roughly 110%. Certain Plaintiffs have had nearly 140% rent increases.") (citations omitted). Likewise, this approach is in line with First Circuit precedent regarding a plaintiff's alleged risk of future harm. See, e.g., Amrhein v. eClinical Works, LLC, 954 F.3d 328, 332 (1st Cir. 2020) (holding that appellants did not have standing because "to create standing, a threatened injury must be 'imminent' or 'actual' when the plaintiffs filed their complaint." (citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180, 189

12

(2000))).

In sum, HUD's alleged procedural violation is insufficient to show that Tenants suffered an injury in fact for the purpose of standing because "Article III standing requires a concrete injury even in the context of a statutory violation." TransUnion, 594 U.S. at 426 (quoting Spokeo, 578 U.S. at 341). And Tenants' vague allegations of future harm are insufficiently concrete and imminent to qualify as an injury in fact. See id.; Clapper, 568 U.S. 398.

The Court recognizes that the evolution of the injury in fact doctrine is not without detractors. See, e.g., TransUnion, 594 U.S. at 449 (Thomas, J., dissenting) ("While the Court today discusses the supposed failure to show 'injury in fact,' courts for centuries held that injury in law to a private right was enough to create a case or controversy."); id. at 461 (Kagan, J., dissenting) ("The familiar story of Article III standing . . . needs a rewrite."); Barclift v. Keystone Credit Servs., LLC, 93 F.4th 136, 148-49 (3rd Cir. 2024) (Matey, J., concurring) ("Ever shifting, the judicially created standard of modern standing confuses courts, commentators, and plaintiffs like [this one] who are told their claim is insufficiently 'concrete' to decide."); Sierra v. City of Hallandale Beach, 996 F.3d 1110, 1115 (11th Cir. 2021) (Newsom, J., concurring) ("I write separately to explain why, following several pretty unsatisfying encounters with it,

I've come to doubt that current standing doctrine — and especially its injury-in-fact requirement — is properly grounded in the Constitution's text and history, coherent in theory, or workable in practice.").

Notwithstanding those criticisms, the Court is bound to follow the law as it stands, not what it might or ought to be sometime in the future. And the law is clear: (1) "No concrete harm, no standing," TransUnion, 594 U.S. at 417, and (2) "allegations of possible future injury are not sufficient," Clapper, 568 U.S. at 409 (brackets omitted). Because Tenants' procedural-violation claim requires a separate showing of concrete harm and their alleged future injuries are neither concrete nor imminent, Tenants do not have standing, and their procedural-violation claim must be dismissed.

**B. Objection #2: Tenants' Defamation and False Light Claims**

The R&R recommends that the state law claims against HUD Defendants be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). R&R 33-34, 36. It further recommends that for the same state law claims against Management Defendants, the Court should decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367 and dismiss them instead. R&R 35-36. Tenants objected to these recommendations but did not otherwise provide any reasoning to support their objection. Tenants' Reply 21. After reviewing the R&R, the Court overrules

14

the objections and adopts the recommendations to dismiss the remaining state law claims. See Colon-Crescioni v. Brisas De Palmas, S.E., 697 F. Supp. 2d 254, 256 (D.P.R. 2010) (noting that clear error review, rather than de novo review, applies when objections are "no more than general or conclusory").

### C. Objection #3: Motion for Preliminary Injunction

The R&R recommends that, if any claims were to survive this stage of litigation, then the Tenants' Motion for a Preliminary Injunction should be denied. R&R 33-36. It finds that Tenants' claims likely fail on the merits, that Tenants failed to show any actual or imminent injury or harm, and that the balance of harms and the interest of the public overwhelmingly tip against the requested injunction. Id. The Tenants objected to this Recommendation. See Tenants' Reply 13-20. But because the Tenants' claims fail for a lack of standing, the Court does not address the Tenants' other arguments. See Brown, 600 U.S. at 560-61. Accordingly, the Court need not adopt those portions of the R&R that reach the Tenants' Motion for a Preliminary Injunction, and that Motion is denied as moot.[4]

### D. Objection #4: Alleged Impartiality, Bias, and Prejudice by Magistrate Judge Sullivan

The Tenants' final objection to the R&R is that "the

---

[4] If the Court were to have found standing, however, it would have adopted the recommendation and denied the objections.

15

Magistrate's entire report and recommendation embodies and demonstrates (however unconsciously) an inherent bias against the Court's pro se plaintiffs and a most favorable bias toward the Court's several defendants." Tenants' Reply 2. Therefore, they say that the entire R&R should be "suspect," which the Court liberally interprets to mean that they believe it should be set aside. Id.

A magistrate judge must recuse herself from a proceeding when, as pertinent here, her "impartiality might reasonably be questioned" or she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).

Tenants' alleged facts to support their allegation of impartiality, bias, and prejudice appear to be grounded in the way Magistrate Judge Sullivan conducted the evidentiary hearing and the fact that her recommendations were not in their favor. See generally Tenants' Obj.; Tenants' Reply 2-11, 18. Initially, they also alleged that she had a conflict of interest requiring her recusal, but then retracted that allegation. Tenants' Obj. 3; Tenants' Reply 20. Tenants considered filing a motion to recuse, but purposely decided not to. Tenants' Reply 20 ("Plaintiffs filed no motion for recusal as they wanted the Magistrate to have every opportunity for impartiality in hearing their case."). But it appears they believe that Magistrate Judge Sullivan "may" have formed a bias against them during the evidentiary hearing "and, if

16

so, it should have been acted upon before issue of the Magistrate's [R&R]." Id. at 21.

Because Tenants' allegations are based solely on "judicial rulings" and "routine trial administration efforts," which "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible," they are inadequate to sustain their objection. Liteky v. United States, 510 U.S. 540, 556 (1994); see Maldonado-Peña, 4 F.4th at 47.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the HUD Defendants' Motion to Dismiss, DISMISSES the Tenants' Complaint, and DENIES the Tenants' Motions for a Preliminary Injunction and for Partial Summary Judgment as moot.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
District Judge
Date: November 14, 2024