# United States Court of Appeals
## For the First Circuit

_____

No. 24-2137

NANCY NEWBURY,

Plaintiff - Appellant,

MARK HASTINGS; MARCIA DUCHARME,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; PETER ASER, in the official capacity as Director, HUD Providence Field Office - United States Deptartment of Housing and Urban Development; WILLIAM MORALES, in the official capacity as Senior Account Executive, Asset Management Division; ADRIANNE TODMAN, in the official capacity as Acting Secretary, United States Department of Housing and Urban Development; CHURCH COMMUNITY HOUSING CORPORATION, INC., Board of Directors; CHRISTIAN BELDEN, Executive Director; JOHN BRYNE, Senior Housing Manager,

Defendants - Appellees.

_____

Before

Barron, <u>Chief Judge</u>,
Gelpí and Montecalvo, <u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: November 17, 2025

    In the underlying action, plaintiffs invoked both federal law and state law and pursued claims related to a proposed subsidized-housing project adjacent to the existing subsidized-housing project plaintiffs call home. At the heart of plaintiffs' claims were easements meant to allow residents of the contemplated new housing project to access common areas and parking lots previously accessible only to the residents of the current housing project. The district court dismissed the underlying action against all defendants based on lack of Article III standing and

other grounds, including declining to exercise supplemental jurisdiction over certain claims invoking state law after disposing of plaintiffs' claims invoking federal law. The district court also denied a motion for injunctive relief as moot and rejected plaintiffs' claim that the magistrate judge to whom the case had been assigned should be recused.

After careful de novo review of the record and of each of the arguments developed in briefing, we affirm, substantially for the reasons identified in the district court's November 14, 2024, Memorandum and Order. See TransUnion LLC v. Ramirez, 594 U.S. 413, 435 (2021) (discussing relevant standing principles); Clapper v. Amnesty Int'l USA, 568 U.S. 398, 410 (2013) (same); see also Liteky v. United States, 510 U.S. 540, 556 (1994) (explaining that recusal requests anchored by claims of bias generally must be based on more than "judicial rulings, routine trial administration efforts, and ordinary admonishments"); Wilber v. Curtis, 872 F.3d 15, 22-25 (1st Cir. 2017) (discussing relevant supplemental-jurisdiction principles).

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Nancy Newbury
Mark Hastings
Marcia Ducharme
Lauren S. Zurier
Kevin Love Hubbard
Shampagne Robinson
Thomas W. Lyons III
Sean Thomas O'Leary